UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

Civil Action Number:

Hilda Gottlieb

      Plaintiff,
vs.

INCREDIBLE MARIO'S OF BOCA LLC
and REGENCY CENTERS CORPORATION

      Defendants.

## COMPLAINT

Plaintiff, Hilda Gottlieb, by and through his undersigned counsel, hereby sues Defendant Incredible Mario's of Boca, LLC and Defendant Regency Centers Corporation for injunctive relief pursuant to Title III, 42 U.S.C. §§12181-12189 of the Americans With Disabilities Act ("ADA"), 28 C.F.R. Part 36, and pursuant to Title II, 42 U.S.C. §12134(c) and §12204 of the ADA and compensatory and punitive damages pursuant to the Florida Civil Rights Act as codified in Florida Statutes Chapter §760 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189 and pursuant to Title II of the ADA 42 U.S.C. §12134(c) and §12204. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida.

1

3. The remedies provided by Florida Statute §760 are not exclusive, and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

4. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located within the jurisdiction of this Court.

**THE FACTS**

5. Hilda Gottlieb (hereinafter referred to as "Plaintiff") is a resident of the state of Florida. The Plaintiff is a paraplegic, is disabled and uses a wheelchair for mobility. Thus, the Plaintiff suffers from what constitutes as a "qualified disability" under the Americans with Disabilities Act ("ADA"). The Plaintiff's disability is defined in 42 US Code §12012 (1)(A) and in 42 U.S.C. 3602 §802(h).

6. Defendant Incredible Mario's of Boca, LLC (also referenced as "Defendant Mario's," or as "operator," or as "lessee") is a Florida corporation. Defendant Mario's is doing business as Mario's Osteria, which is a full service restaurant with a bar and a dining room located in the University Center shopping plaza/center with address of 1400 Glades Road, Bay 210, Boca Raton, Florida 33431. Hence Defendant Mario's is conducting business within the State of Florida and within the jurisdiction of this court.

7. Defendant Regency Centers Corporation (also referenced as "Defendant Regency" or as "owner', or as "lessor") is a Florida corporation. Defendant Regency is the owner of real property with address of 1400 Glades Road, Boca Raton, Florida, which contains a shopping center known as University Center (referenced throughout as

"shopping center") and is authorized to conduct, and is conducting business within the State of Florida and within the jurisdiction of this court.

8. Defendant Regency owns a shopping center and Defendant Regency leases commercial retail space within that shopping center to others. Defendant Regency's shopping center contains businesses which are open to the general public. Therefore the shopping center is a place of public accommodation pursuant to 42 U.S.C. §12181(7).

9. As the owner and lessee to others of a shopping center, Defendant Regency is defined as a "Public Accommodation" within meaning of Title III because Defendant Regency is a private entity which owns, leases, leases to others, or operates a place of public accommodation; 42 U.S.C. §12182, §12181(7), 28 C.F.R. §36.104 and the Florida Civil Rights Act, codified as Title XLIV.

10. Defendant Regency leases commercial space to Defendant Mario's. The leased space is utilized as a bar and restaurant called "Mario's Osteria" (which is referenced as "restaurant," "Mario's Osteria," and/or "place of public accommodation"). Mario's Osteria is defined as a "place of public accommodation" pursuant to 42 U.S.C. §12181(7)(B).

11. As the operator and lessee of a restaurant, Defendant Mario's is defined as a "Public Accommodation" within meaning of Title III because Defendant Mario's is a private entity which "owns, leases, leases to others, or operates a restaurant"; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104 and the Florida Civil Rights Act, codified as Title XLIV.

12. On July 13, 2015, the Plaintiff personally visited Mario's Osteria with the intention of having a enjoying the happy hour specials available in the bar area[1] and taking advantage of the half-price 'happy hour special' for appetizers and drinks and to eat the half-price appetizers in the bar area therein. Due to the fact that the Plaintiff was confined to her wheelchair, the Plaintiff was denied full and equal access because of barriers to access in the bar area. Simply put, the bar area was not equipped to permit access for individuals confined to wheelchair(s); see Exhibit A for verification.

13. Defendant Mario's representatives refused to serve the Plaintiff the half-price 'happy hour special' appetizers because (Defendant's representatives claimed) of the Defendant's "rule" that Plaintiff has to physically sit at the bar area in order to avail herself of the 'happy hour special' half-price appetizers (this was limited to drinks served specifically at the bar). Furthermore, once food items were served to the Plaintiff, she was unable to enjoy them at the bar or in the bar area due to the fact that the bar and bar area was inaccessible.

14. The Plaintiff was precluded from sitting at the bar as the bar was not equipped with handicapped seating. The Plaintiff requested the half-price 'happy hour special' appetizers be served at a table within the bar area, which would accommodate her wheelchair.

15. Undaunted as to the Plaintiff's disability and in complete disregard for the requirements of the ADA, and the fact that the Plaintiff was physically incapable of sitting at the bar (which did not accommodate the Plaintiff's wheelchair), Defendant Mario's representative refused to honor the happy hour special prices for the Plaintiff, and state the reason was because the Plaintiff was seated with her wheelchair pulled up to

---

[1] not available in the restaurant portion of the place of public accommodation

4

a bar table within the bar area (as opposed to being pulled up to the bar). Thus, (said Defendant Mario's representative), the Plaintiff could not receive the happy hour special prices since she was not sitting at the bar.

16. As such, the Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities at Mario's Osteria restaurant.

17. As a result of the Defendant's discrimination, the Plaintiff has suffered loss of dignity, mental anguish, physical harm, and other tangible injuries.

18. Any and all requisite notice has been provided.

19. The Plaintiff has been obligated to retain the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20. Plaintiff re-alleges and incorporates by reference the allegations set forth in ¶¶s 1-19 herein above.

21. The Americans with Disabilities Act ("ADA") is landmark Civil Rights legislation that is the result of decades of advocacy to improve the lives and role in society of all persons with disabilities. The ADA was enacted and effective as of July 26, 1990. The ADA legislation has been protecting disabled persons from discrimination due to disabilities for 25 years. As such, all public accommodations and places of public accommodation have had adequate time for compliance.

22. Congress found, among other things, that:

(i) some 43,000,000[2] Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

(iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

(iv) Individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

23. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate

---

[2] According to the 2010 Census, 56.7 million people, or 19% of the population had a disability.

> commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

24. Defendant Centers Corporation is subject to the provisions of 42 U.S.C. §12181(7)(B) and (E) and 28 C.F.R. §36.104 because it is the owner and lessor of real property which contains a shopping center in which the attendant business Mario's restaurant is open to the general public and is a place of public accommodation. As such, the shopping center and the attendant business (Mario's restaurant) are governed by the ADA, must be in compliance therewith.

25. Defendant Incredible Mario's of Boca LLC is subject to the provisions of 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104 because it is the operator and lessee of a restaurant which is open to the general public and is a place of public accommodation. As such, the restaurant is governed by the ADA, must be in compliance therewith.

26. The Defendant Regency (owner of the shopping center and the lessee) and Defendant Mario's (lessee/operator of the attendant business, Mario's restaurant) have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

27. The Defendant Regency (owner/landlord of the shopping center) and Defendant Mario's (lessee and operator of the restaurant) have discriminated, and continue to discriminate, against the Plaintiff (and others who are similarly situated) by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the place of public accommodation (the restaurant), in derogation of 42 U.S.C. §12101 et. seq., and as

prohibited by 42 U.S.C. §12182 et. seq. by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

28.     Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Mario's Osteria as delineated herein.

29.     Prior to the filing of this lawsuit, the Plaintiff personally visited Defendant Regency's shopping center, and the place of public accommodation therein specifically being Mario's Osteria (operated by Defendant Mario's) ("places of public accommodation"), with the intention of patronizing the places of public accommodation (shopping center and restaurant therein), but (as an individual with a disability who utilizes a wheelchair for mobility), has been denied adequate accommodation by virtue of being unable to navigate her wheelchair to the Mario's Osteria bar (located in the bar area), and was refused to order drink(s) at the advertised happy hour prices because she was not seated at the bar (though she was seated in the bar area), and therefore suffered an injury in fact.

30.     The Plaintiff continues to desire to patronize Defendant Regency's shopping center and Mario's Osteria therein, but continues to be injured in that he continues to be discriminated against due to the architectural barriers which remain within the Mario's Osteria bar area, all in violation of the ADA.

31.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part

36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

32.    The shopping center owned by Defendant Regency Centers Corporation and the attendant business Mario's Osteria operated by Defendant Incredible Mario's of Boca LLC in violation of 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. §36.302 et. seq., and are discriminating against the Plaintiff as a result of inter alia, the following specific violations:

  i.  As to the shopping center owned by Defendant Regency Centers Corporation and the attendant restaurant (Mario's Osteria) operated by Defendant Incredible Mario's of Boca LLC: contained within the bar seating area, there is a standing / high-seating bar, wherein the counter surface is mounted over 34" above the finished floor to the top of the bar. Thus the bar is accessible to individuals confined to wheelchair(s), in violation of 28 C.F.R. Part 36, Section 4.32.4. 28 C.F.R. Part 36, Appendix A, Section 5.2 which states that: "[W]here food or drink is served at counters exceeding 34" in height for consumption by customers seated on stools or standing at the counter, a portion of the main counter which is 60" in length minim shall be provided in complaint with Section 4.3.2".

  ii.  As to the attendant restaurant (Mario's Osteria) operated by Defendant operator of the restaurant, Incredible Mario's of Boca LLC: [W]hile accessible tables are provided within the bar area, the Defendant operator of the restaurant has failed and refused to serve the 'standing bar' happy-hour prices to individuals with disabilities seated at the accessible tables (since they are precluded from sitting at

9

the bar, as it is inaccessible (see ¶32(i)), in violation of 28 C.F.R. Part 36, Section 4.32.4

33. Upon information and belief, there are other current violations of the ADA at the place of public accommodation, and only once a full inspection is done can all said violations be identified.

34. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

35. Pursuant to the ADA, 42 U.S.C. §12101 et seq., and 28 C.F.R. §36.304, the Defendants (and each of them) are required to make each place a public accommodation (the shopping center and the restaurant), accessible to persons with disabilities since January 28, 1992. To date, the Defendant Regency Centers Corporation (as owner/lessor) and tenant/lessee/operator: Defendant Incredible Mario's of Boca LLC (Mario's Osteria) have jointly and severally failed to comply with this mandate.

36. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the shopping center comprising the restaurant therein to make said restaurant readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the shopping center comprising the restaurant as delineated herein until the requisite modifications are completed.

**WHEREFORE,** Plaintiff Hilda Gottlieb hereby demands judgment against Defendant Regency Centers Corporation (as owner/lessor) and tenant/lessee/operator

Defendant Incredible Mario's of Boca LLC (Mario's Osteria) and request the following injunctive and declaratory relief:

    a)    The Court declares that the Defendant Regency Centers Corporation (as owner/lessor) and tenant/lessee/operator Defendant Incredible Mario's of Boca LLC (Mario's Osteria) are violative of the ADA and order the shopping center and attendant restaurant therein to be closed to the public until such time that they are deemed by this Court to be accessible;

    b)    The Court enter an Order requiring Defendant Regency Centers Corporation (as owner/lessor) and tenant/lessee/operator Defendant Incredible Mario's of Boca LLC  (Mario's Osteria) to alter the shopping center and the attendant restaurant therein such that it is accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

    c)    The Court enter an Order directing Defendant Regency Centers Corporation (as owner/lessor) and tenant/lessee/operator Defendant Incredible Mario's of Boca LLC  (Mario's Osteria) to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant Regency Centers Corporation (as owner/lessor) and tenant/lessee/operator Defendant Incredible Mario's of Boca LLC  (Mario's Osteria) to undertake and complete corrective procedures to the shopping center and attendant business (Mario's Osteria) therein;

    d)    The Court award reasonable attorney's fees, compensatory damages, all costs (including, but not limited to court costs and any expert fees), and

other expenses of suit, to the Plaintiff, and the Court award reasonable costs and attorneys fees; and

e) The Court awards such other and further relief as it deems necessary, just and proper.

## COUNT II - VIOLATION OF FLORIDA STATUTE §760

37. Plaintiff realleges and incorporates by reference the allegations set forth in ¶¶s 1-19 above.

38. The Defendant Regency Centers Corporation (as owner/lessor) and tenant/lessee/operator Defendant Incredible Mario's of Boca LLC (Mario's Osteria) have violated Florida Statute §760, which provides all persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, and advantages in any of public accommodation, without discrimination or segregation on the grounds of handicap.

39. The violations of Florida law were deliberate and knowing.

**WHEREFORE,** Plaintiff Hilda Gottlieb respectfully prays that this Court grant the following relief against Defendant Regency Centers Corporation (as owner/lessor) and tenant/lessee/operator Defendant Incredible Mario's of Boca LLC (Mario's Osteria) including compensatory damages, damages for intangible injuries, punitive damages, costs including reasonable attorney's fees and interest and for the following injunctive relief and declaratory relief:

a) A declaration that the policies and procedures of Defendant Regency Centers Corporation (as owner/lessor) and tenant/lessee/operator Defendant Incredible Mario's of Boca LLC (Mario's Osteria) have jointly and separately

violated Florida Statue §760 in that the Defendants (and each of them) have failed to consider and accommodate the needs of disabled persons to the full extent required by Florida law.

b) An Order mandating that the Defendants (and each of them with respect to their places of public accommodation) undertake and complete corrective measures to provide equal access to individuals with disabilities within a reasonable time by making all reasonable and appropriate modifications to the place of public accommodation to ensure that persons with disabilities are no longer excluded, denied access, segregated or otherwise discriminated against or treated differently than from the general public;

c) Award compensatory damages including but not limited to mental anguish, loss of dignity, and any other intangible injuries;

d) Award reasonable costs and attorneys fees; and

e) Award any and all other relief that may be necessary and appropriate.

Dated this 7th day of January, 2016.

Respectfully submitted,

*s/Scott Dinin*
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
Fax: (786) 513-7700
inbox@dininlaw.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

Civil Action Number:

Hilda Gottlieb

      Plaintiff,

vs.

INCREDIBLE MARIO'S OF BOCA LLC
And REGENCY CENTERS CORPORATION

    Defendants.

## VERIFICATION OF COMPLAINT

Plaintiff HILDA GOTTLIEB declares under penalty of perjury under the laws of the State of Florida that the allegations in the foregoing complaint are true and correct to the best of my belief, recollection and knowledge.

Date: 1/6/2016

_____
Hilda Gottlieb

**EXHIBIT "A"**